FORET, Judge.
The trial court in this matter, which is under appeal from the Ninth Judicial District Court, in dismissing petitioner’s suit, without prejudice, handed down excellent reasons for judgment, which we take the liberty of adopting as our own (in part), and we quote therefrom:
“This action commenced as a Petition for Judicial Commitment of Mervin Simon under Act 714 of 1977 of the Louisiana Legislature. The Petitioner was the Department of Health and Human Resources. Simultaneously, similar actions were filed and given the docket numbers as follows: Girard Brown, Number 191; William Grimble, Number 192; and Eleanor Girouard, Number 193 on the docket of the Ninth Judicial District Court for the Parish of Rapides, Louisiana. Presented with each petition was an order containing a provision for the appointment of physicians to examine the respondents. Also, the order contained a provision for the appointment of an attorney to represent these respondents. The undersigned appointed the only two practicing psychiatrists in the Alexandria-Rapides Parish area to examine the respondent. These were Doctors Davidson H. Texada and Walter Sidney Easterling. These appointments were made pursuant to Section 54 of the Act referred to above.[1] The date of this appointment was October 6, 1977. The hearing was fixed for October 14, 1977.
“As of the date set for the hearing, no examination had been made by the two appointed physicians and no report had been made by them. In the absence of any reports by the physicians, the undersigned continued the hearings without date with the concurrence of the attorney appointed to represent the respondents.
“A return of the sheriff shows that service of the appointment was made on Dr. Easterling on October 10, 1977 and on Dr. Texada on the same date.
“Subsequent to the appointments of these two doctors made by the undersigned, other judges of the Ninth Judicial District Court made similar appointments of Dr. Easter-ling and Dr. Texada. The undersigned was informed that these doctors have accepted none of these appointments. (The undersigned considers that the two doctors are fully justified in declining these appointments.) The undersigned received a letter from Dr. Texada dated October 24,1977, in which he stated with reference to all four of the above mentioned commitment proceedings the following:
“Due to the complex circumstances involved in the above matter (referring to Judicial Commitments), I do not feel that I can serve as an examining physician in Judicial Commitments.”
“During this period of time all five of the judges of this division considered the provisions of Act 714 of 1977 and numerous administrative problems raised by its provisions. The problem of obtaining physicians to examine respondents in commitment proceedings as required by Section 54 were discussed. The Chief Judge of this Judicial District, the Honorable Guy E. Humphries, Jr., and the undersigned attended a meeting at Central Louisiana State Hospital for the purpose of viewing and participating in a state wide hookup on closed television at which time the Act was discussed by a panel assembled at the instance of the Department of Health and Human Resources. It was made clear by the Commissioner of Administration, who was a member of the panel, that no state funds were available and none would be forth coming to fund Act 714 of 1977 and funding would have to wait until the next meeting of the legislature.
“On October 26, 1977, the Chief Judge of the Ninth Judicial District Court, Judge Humphries, addressed a letter to Dr. A. M. *711 Alexander, President of the Rapides Parish Medical Society. He drew his attention to Act 714 of 1977, and he pointed out that the Act suggests that one of the two physicians appointed be a practicing psychiatrist. He also pointed out that the Act provided that, if possible, the physicians not be connected with the treatment facility to which the commitment is sought to be made. He pointed out that the Act provided that the examining physicians shall be paid reasonable compensation of an amount to be established by the court and this compensation was to be paid by the respondent or the petitioner. He also discussed funding problems. Judge Humphries asked Dr. Alexander, as President of the Rapides Parish Medical Society to apprise the members of the medical society of the provisions of this Act and ask if any were willing to accept appointments under 714 of 1977. To date no volunteers have come forward.
“Faced with this situation, the undersigned dismissed the petitions against Mervin Simon, Girard Brown, William Grimble and Eleanor Girouard on the court’s own motion. The reasons for the dismissal of the petitions were given in the judgment itself.[1]
“Considering the possibility that the petitioner, the Department of Health and Human Resources, may wish to appeal the action of this court, the undersigned has deemed it appropriate to give these further reasons for the judgment of dismissal. It will be noted that at the time of the dismissals approximately one month had passed since the filing of the original petitions. The undersigned saw no possibility of obtaining the appointment of physicians to comply with Section 54 other than appointing physicians at Central Louisiana State Hospital where the respondents were being confined. A much more serious question is presented by the fact that the undersigned knows of no authority by which it can order any physician, private practitioner, or member of the staff of a state hospital, to act as an examining physician under Section 54 of Act 714 of 1977. Subsection E of Section [55] provides that in order to render a judgment for commitment under the Act, the court must find ‘by clear and convincing evidence that the person who is subject of the petition is dangerous to himself or others or is gravely disabled.’ On November 4, 1977, being mindful of the heavy burden required of petitioner to establish justification for a Judicial Commitment, and considering the fact that the respondents had been in custody of the treating facility for some time, and knowing of no way in which the Act could be given effect other than by appointment of physicians on the staff of the treating facility, the undersigned concluded that it was impossible to give effect to Act 714 of 1977.
“The undersigned also gave consideration to the fact that the obvious philosophy of Act 714 of 1977 was to cast judicial commitments in the true form of adversary proceedings so as to give maximum effectiveness to the rights of respondents. It would be working against the philosophy of the act to appoint physicians on the staff of hospitals under the jurisdiction of the state. This would, in effect, place them both on the side of petitioner and respondent.
“As a matter of experience, any district judge knows that many commitments in the past have been for the purpose of placing *712 persons who are incapable of caring for themselves in nursing homes. Conceivably subsection E of Section 55 of the Act might cover such commitments in the language ‘dangerous to himself or others or is gravely disabled.’ However, until some interpretation is given to the Act the meaning of gravely disabled will be in doubt. '
“The undersigned can readily perceive that there are cases where a person will be obviously dangerous to himself or others. It can only be suggested that if the staffs of the institutions involved know such to be the case and physicians of the institutions or physicians in private practice are willing to volunteer for appointment, then such appointments can be made. Otherwise, the courts of this state are without authority to order the appointment of physicians in the absence of an indication by the physician that he will accept the appointment. (Nevertheless, if appointments are made of physicians of institutions to which commitment is sought to be made, the appointments will be contrary to the spirit of the act.)
“While the legislature undoubtedly had meritorious considerations in mind [in] enacting Act 714 of 1977, if the examination by physicians under Section 54 must be undertaken by the staffs of the institutions to which the respondents are to be committed, there is grave danger that these staffs will be unable to perform their basic duties and responsibilities. In any event, it will be necessary for the courts to know that a particular physician appointed will in fact accept such an appointment.
“In this particular case involving respondent, Mervin Simon, this court was faced with the simple practical fact that no physicians were available and the Act simply could not be given effect. Under the circumstances the rights of Mervin Simon and simple justice required that the petition in his case, as well as the other petitions mentioned above, be dismissed.”
Judgment of the trial court is affirmed.
Costs are assessed against the Department of Health and Human Resources, insofar as State agencies are responsible for court costs.
AFFIRMED.

. Subsection D of Section 54 provides in part as follows: “ . . . the court shall order the respondent to be examined by two physicians selected by the court, one of whom preferably should be a practicing psychiatrist. The physicians shall be licensed to practice medicine in the State of Louisiana, and if possible the physicians should not be connected with the treatment facility to which the commitment is being made, if known.”

 . . . the Court having found that the statutory provisions in question cannot be given effect, particularly that no funds exist or are available to provide for the cost of appointing two practicing psychiatrists as provided by Section 54 of said Act to examine respondent, having further concluded that no such appointment of psychiatrists can be made without violating the spirit of the Act through appointed physicians connected with the treating facility which is petitioner herein, and further finding that the appointment of physicians from the treating facility would severely cripple the professional staff of the treating facility, and further finding on the basis of the foregoing findings that it is impossible to give effect to Act 714 of the Louisiana Legislature of 1977 .